UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA BIEDERMAN *o/b/o* DENNIS GRUEN, *deceased*, | : : : | Case No. 1:20-cv-356 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | Magistrate Judge Karen L. Litkovitz |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | : : : : | |
| Defendant. | : : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 30)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen Litkovitz. The Magistrate Judge reviewed the pleadings filed with this Court and, on November 24, 2021, submitted a Report and Recommendation. (Doc. 30). Plaintiff Patricia Biederman, acting on behalf of her late brother Dennis Gruen (hereinafter, "Mr. Gruen"), filed objections to the Report and Recommendation on December 3, 2021. (Doc. 31).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing and careful review of Plaintiff's objections, the Court finds that the Report and Recommendation (Doc. 30) should be and is hereby adopted in its entirety.

On November 24, 2021, the Magistrate Judge recommended that this Court affirm the ALJ's decision and terminate this case. The Report and Recommendation thoughtfully resolved five alleged errors that Plaintiff assigned to the ALJ's opinion. Plaintiff submitted objections on December 3, 2021. The Commissioner responded to Plaintiff's four objections on December 8, 2021, but, because the objections largely repeat arguments Plaintiff already made to the Magistrate Judge, the Commissioner declined to belabor the briefing. The Court agrees that Plaintiff's objections are already fully addressed in the Magistrate Judge's Report and Recommendation, but 28 U.S.C. § 636(b)(1) requires "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Plaintiff's objections all "relate[] to the analysis of the nervous and mental impairments at pages 22-24" of the Report and Recommendation. (Doc. 31 at 2). The Court has reviewed, *de novo*, the conclusions at pages 22-24 of Report and Recommendation and finds Plaintiff's objections are without merit.

Plaintiff's first objection is that the Magistrate Judge failed to consider the "work-related limitations from [Mr. Gruen's] nervous impairments." (Doc. 31 at 3). Plaintiff is mistaken. The Report and Recommendation clearly addressed Mr. Gruen's "nervous," or non-exertional impairments in multiple ways. *First*, the Magistrate Judge correctly explained that the ALJ was not required to consider non-exertional impairments under Social Security Ruling 85-15 where the claimant alleges both exertional and non-exertional impairment. *Doneworth v. Shalala*, No. 94-4290, 1996 WL 26922, at *4 (6th Cir. Jan. 23, 1996) (citing *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1996) (in turn

2

citing SSR 85-15)). *Second*, the Magistrate Judge explained that, even though the ALJ was under no obligation to do so, he still expressly considered Mr. Gruen's "nervous" impairments in assessing Mr. Gruen's residual functional capacity ("RFC"). The Magistrate Judge quoted directly from the section of the RFC determination that found Mr. Gruen was limited to work performed in a "*low-stress environment*, designed as free of fast-paced production requirements, involve[ing] only simple work-related decisions, few workplace changes … ." (Doc. 31 at 23) (emphasis supplied). Plaintiff's first objection is therefore overruled.

Next, Plaintiff objects that the Magistrate Judge erred in her assessment of the ALJ's treatment of mental health opinions by Plaintiff's primary care doctor, Dr. Yuellig, and two psychiatric nurse practitioners, Robert Owens and Jamie Becker. (Doc. 31 at 5). According to Plaintiff, the Magistrate Judge overlooked the ALJ's failure to give those mental health opinions "the most weight" as they were health care providers who personally treated Mr. Gruen. (Doc. 31 at 6). Reviewing the Report and Recommendation, however, reveals that the Magistrate Judge did not overlook those mental health opinions. Neither did the ALJ. The ALJ gave thorough reasoned analysis for assigning little weight to those treatment providers (Tr. 21-69) and specifically discussed each treatment note from Dr. Yuellig. (*See* Tr. 24, 30-33, 36, 40-41, 43, 45, 48, 55-58). The Report and Recommendation cites the ALJ's reasoning.

Moreover, any argument that the ALJ should have assigned more weight to the mental health opinions is waived. Plaintiff's assignment of errors did not raise specific issues with the ALJ's weighing of mental opinions. He cannot raise them for the first

time in his objections. *Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013), s*ee also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (a plaintiff's failure to develop an argument challenging an ALJ's non-disability determination amounts to a waiver of that argument). Thus, the Court overrules Plaintiff's second objection.

Plaintiff's third objection is that the Report and Recommendation reached the wrong conclusion about the ALJ's treatment of Plaintiff's subjective complaints of pain and other symptoms. Plaintiff objects that the evidence the ALJ relied on did not account for Plaintiff's PHQ-9 scores. PHQ-9 is a questionnaire for diagnosing, monitoring, measuring the severity of depression. Mr. Gruen's PHQ-9 scores were a part of the medical record before the ALJ. They appear in the "Activity Record" from his treatment at Community Mental Health Center, Inc. The ALJ expressly considered these documents (Tr. 39, 42-45, 54-55, 63) and concluded they did not amount to a disabling mental or physical impairment. (Tr. 30). Plaintiff's third objection is therefore overruled.

Fourth, Plaintiff objects that the ALJ committed errors by posing improper hypothetical questions to the Vocational Expert. Once an ALJ finds that a claimant is unable to perform his past relevant work, the burden shifts to the ALJ to show that the claimant can perform other substantial gainful activity that exists in the national economy. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005). An ALJ may rely on the testimony of a Vocational Expert as substantial evidence that the claimant can perform specific jobs, but only if the hypothetical question accurately

4

portrays the claimant's physical and mental impairments. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). Here, Plaintiff asserts that the ALJ erroneously omitted the "work-related limitation" that Mr. Gruen could only sustain "occasional contact at work for 40 hours a week." (Doc. 31 at 8). Again, a cursory review of the record reveals Plaintiff's assertion is false. The ALJ's hypothetical questions were expressly premised on Mr. Gruen having "no more than occasional interaction with the general public, coworkers and supervisors." (Tr. 174). Thus, the Magistrate Judge correctly concluded that the ALJ did not err by relying on the Vocational Expert's testimony. Plaintiff's fourth objection is overruled.

    Accordingly, for the reasons stated above:

1. The Report and Recommendation (Doc. 30) is **ADOPTED**;

2. Plaintiff's objections (Doc. 31) are **OVERRULED;**

3. The Commissioner's non-disability decision is **AFFIRMED**, as that decision is supported by substantial evidence; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

Date:    4/21/2022                                          *s/Timothy S. Black*
                                                                                 Timothy S. Black
                                                                                 United States District Judge